**CIVIL PROCEDURAL RULES COMMITTEE**
**ADOPTION REPORT**

**Adoption of Pa.R.Civ.P. 242**

On January 5, 2022, the Supreme Court adopted Pennsylvania Rule of Civil Procedure 242 governing the citation of authorities in the trial courts. The Civil Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained herein are those of the Committee, not the Court.

The Committee received a request to consider procedures permitting the citation of non-precedential appellate court decisions for their persuasive value in the courts of common pleas. The request noted the recent adoption of Pennsylvania Rule of Appellate Procedure 126 permitting such citation in the appellate courts. The request also advocated that permitting citation to these decisions would provide significant benefits to the bench and bar such as:

- promoting consistency among the trial courts on routine issues, as well as a more informed analysis on controversial issues;

- providing the trial courts with more guidance about the current state of the law, which in turn should bring more predictability in resolving all civil matters as well as more efficiency and cost-effectiveness for parties and the courts;

- allowing the use of similar fact patterns or legal analyses to support or refute a position;

- allowing the citation of opinions that may be more illustrative and more current than binding precedent; and

- retaining the trial court's discretion to give appropriate weight to these decisions as persuasive value.

At the outset of its review, the Committee observed that the current Rules of Civil Procedure are silent as to the citation of authorities in the trial courts; there is likewise no prohibition to the citation of non-precedential appellate court decisions. In the absence of any prohibition, it is assumed these decisions may be cited.

The Committee examined Pa.R.A.P. 126, as well as the restrictions imposed by the intermediate appellate courts for citing to each court's respective non-precedential decisions for their persuasive value. *See* 210 Pa. Code § 65.37 regarding citation to Superior Court non-precedential decisions and Pa.R.A.P. 3716 and 210 Pa. Code § 414 regarding citation to Commonwealth Court non-precedential decisions.

The Committee noted at that Pa.R.A.P. 126 establishes an overarching temporal limitation to citation of these decisions - citation is permitted for non-precedential appellate decisions issued after January 14, 2008 for Commonwealth Court decisions, and after May 1, 2019 for Superior Court decisions. They may be cited only for their persuasive value unless related to the doctrine of the law of the case, *res judicata*, collateral estoppel, or if relevant to a criminal proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior proceeding. In addition, the internal operating procedures (I.O.P.s) and other intermediate appellate court-specific rules add an additional layer to the parameters for citation of non-precedential appellate decisions. Yet, the permissibility and parameters are located exclusively within appellate authority, which trial court practitioners and judges may not intuitively consult for proceedings in the courts of common pleas.

Given the complexity to the limitations required generally by Pa.R.A.P. 126 and the overlay of the intermediate appellate courts' I.O.P.s, the Committee proposed Rule 242 so that it does not disturb these carefully constructed parameters for citation of authorities in appellate practice. Rather, the rule incorporates by reference Pa.R.A.P. 126 and cross references the I.O.P.s. In doing so, the rule alerts both jurists and practitioners to consult the Rules of Appellate Procedure and intermediate appellate court I.O.P.s for existing limitations, provides the benefits of a rule expressly authorizing such citation, and provides instant, continued uniformity with appellate practice should those rules or I.O.P.s ever be amended in the future.

The Committee published proposed Rule 242 for comment. *See* 51 Pa.B. 1002 (February 27, 2021). The Committee received one comment to publication in support of the proposal.

In sum, new Rule 242 makes explicit the assumption that non-precedential appellate court decisions may be cited in the trial courts. However, respectful of the limitations the intermediate appellate courts have placed on the citation of their decisions, Rule 242 incorporates Pa.R.A.P. 126 and cross references the I.O.P.s for the specific requirements when citing to non-precedential appellate court decisions for their persuasive value in the trial courts. A note to the rule is intended to inform practitioners of the Superior Court and Commonwealth Court operating procedures.

The rule becomes effective April 1, 2022.